■ MARSHALL RAY CORPORATION, Appellant, v. C. HAEDKE & Co., INC., Respondent.— *Per Curiam.* Appeal from an order directing arbitration. The appellant sued for breach of an agreement alleged to be oral and made on April 10, 1964. The respondent submitted a written contract between the parties dated April 10, 1964, which provided for arbitration of any controversy arising under or in relation to the contract. It also provided that it should become binding if the buyer [the appellant] signed and returned to the seller a signed copy of the contract. The contract is signed as follows: "Marshall Ray Corp. By: Sol Tandler". The appellant questions the authority of Mr. Tandler to sign a binding agreement urging that the burden of proving agency is on the respondent. However, the respondent has established ratification of the contract by submitting a letter signed by the appellant's president on September 25, 1964, complaining of a breach of the written agreement of April 10 by stating that the respondent " promised in writing to protect us from size 12 up " and complaining also of the quality of merchandise received. The appellant further urges that it is suing " for breach of an *oral* [appellant's emphasis] agreement made on April 10, 1964 " and that the contract, although binding pursuant to the conditions on its face, " is only evidence of part of the *oral* [appellant's emphasis] agreement that was made between plaintiff and defendant on April 10, 1964 ". But, even on the assumption of a more comprehensive oral agreement, the written agreement would be binding according to its terms. We agree with Special Term that the appellant has established "no substantial question" within the meaning of CPLR 7503 (subd. [a]). However, by inadvertence the order presented and signed refers to the purchase of materials "during the months of February and March " and is broader than the decision. Order modified by confining the same to the written agreement of April 10, 1964, and, as so modified, affirmed, without costs. Settle order. Gibson, P. J., Herlihy, Reynolds, Aulisi and Hamm, JJ., concur.